UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
RAYMOND BRIDGER,

                          Plaintiff,                          Case No. 1:23-cv-203 (TJM/TWD)

          -against-

                                                              **COMPLAINT**

CHAMPLAIN BEEF CO., INC., JEFFREY P. CUOMO,
and JOSHUA CUOMO, in their personal and
professional capacities,                                      **Jury Trial Demanded**

                          Defendant.
-------------------------------------------------X

 Plaintiff RAYMOND BRIDGER (hereinafter referred to as "Plaintiff"), by and through his

attorneys, BERLINGIERI LAW, PLLC, as and for his Complaint in this action against the

Defendant CHAMPLAIN BEEF CO., INC., JEFFREY P. CUOMO, and JOSHUA CUOMO, in

their personal and  professional capacities, (hereinafter referred to as "Defendants"), respectfully

alleges as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon willful violations that the

Defendants have committed of Plaintiff's rights guaranteed to him by: (i) discrimination based

on disability under the Americans with Disability Act, 42 U.S.C. § 12101 *et seq.*, as amended

("ADA"); (ii) retaliation under the ADA; (iii) discrimination based on sex (sexual orientation)

under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § 2000e *et seq.*, as amended

("Title VII"); (iv) retaliation under Title VII; (v) discrimination based on disability and sex

(sexual orientation), under New York State Human Rights Law ("NYSHRL"), Art. 15 Executive

1

Law Sec. 296 *et seq*.; (vi) retaliation under NYSHRL; (vii) aiding and abetting discrimination under NYSHRL; (viii) Negligent Supervision; Hiring and Training, (ix) Negligence *Respondeat Superior*; (x) violations of New York Labor Law ("NYLL"), NYLL § 193; N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12 NYCRR § 195-2.1 for unlawful wage deductions; (xi) violations of Section 663 of NYLL for unpaid compensation; (xii) retaliation in violation of NYLL § 215; (xiii) the requirement that employers furnish employees with wage notices at the time of hire or annually or at the time of a pay increase containing specific categories of information under NYLL § 195(1); (xiv) the requirement that employers furnish employees with accurate wage statements on each payday containing specific categories of information under violations of NYLL § 195(3); (xv) breach of contract, *quantum meriut* and the following causes of action against individual defendants Jeffrey Cuomo and Joshua Cuomo only, (xvi) intentional infliction of emotional distress; (xvii) Negligent Infliction of Emotional Distress; (xviii) prima facie tort; and (xix) any other claims(s) that can be inferred from the facts set forth herein.

**JURISDICTION AND VENUE**

2.    This action is brought pursuant to  42 U.S.C. § 12101 and 42 U.S.C. § 2000(e).

3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

4.    Venue is properly laid in the Northern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

5.    Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on or about March 3, 2022, against Defendant, EEOC No. 525-2022-01151.

6.    On August 18, 2022, EEOC issued Plaintiff a Notice of Right to Sue to. Annexed hereto as **Exhibit A**.

7.    Plaintiff has exhausted all administrative remedies, statutory prerequisites, and conditions

precedent under federal law.

8.    Fees and costs are sought pursuant to 42 U.S.C. § 1988.

## THE PARTIES

9.  At all times relevant to this Complaint, Plaintiff was an individual residing in the State of New York.

10.    Defendant Champlain Beef Co., Inc., is a corporation organized and existing under and by virtue of the laws of the State of New York, with a business address located at 9679 US-4, Whitehall, NY 12887.

11.    Upon information and belief, at all times relevant to this Complaint, Defendant maintained more than (20) employees.

12.    Defendant Jeffrey P. Cuomo was an individual and is a resident of the State of New York at all relevant times herein resided in this District.

13.    Defendant Joshua Cuomo was an individual and is a resident of the State of New York at all relevant times herein resided in this District.

## BACKGROUND FACTS

14.   Plaintiff's sex is male and sexual orientation is gay.

15.   Plaintiff's disability is chronic viral hepatitis C with various health problems.

16.   Defendant Champlain Beef Co., Inc. is a beef processing facility.

17.   Defendants Jeffrey P. Cuomo and Joshua Cuomo, upon information and belief are owners and officers of Champlain Beef, Co.

18.   Plaintiff worked as a Meatpacker/Butcher for Defendants from approximately March 1, 2021, until his termination on or about February 25, 2022.

19.   Plaintiff disclosed his disability chronic viral hepatitis C  and various health problems and sexual

orientation to Defendants during the course of his employment.

20. Plaintiff's disability requires frequent doctor's visits, Plaintiff requested reasonable accommodations.

21. Plaintiff submitted two doctor's notes in support of his requests for sick days off (PTO) in order to be compensated for days off needed for Plaintiff to go to his doctor's visits.

22. Defendants rented Plaintiff and his mother a second floor apartment in a rental house owned by Jeffrey Cuomo in Whitehall, New York near the workplace facility while employed for Champlain Beef Co.

23. Plaintiff and his mother lived at the apartment and paid rent.

24. Defendants unlawfully deducted rent from Plaintiff's paycheck.

25. Defendants provided Plaintiff with a personal loan, and Plaintiff paid the loan back twice, over the course of his employment, yet the Defendants continued to deduct purported loan payments from Plaintiff's paycheck up until his termination in February 2022.

26. Plaintiff did not consent to the method of rent deductions from his paycheck.

27. Plaintiff did not consent to the loan repayment deductions from his paycheck.

28. Defendant made unlawful deductions from Plaintiff's paycheck.

29. In November 2021, Plaintiff took days off due to his condition, in order to seek treatment and maintain his doctor's appointments.

30. Plaintiff inquired with Defendants regarding the non-payment of his sick time (PTO) at least six times, from November 2021 until February 2022.

31. In addition to his hepatitis C, Plaintiff suffered from a host of other medical issues, in need of doctor's visits.

32. Despite his medical condition and harassment for being gay, Plaintiff continued to work at Defendant Champlain Beef, Co., because of his desire to work and provide a living for himself.

33. For example, during the course of his employment with the Defendants, Jeffrey and Joshua Cuomo have made derogatory comments to Plaintiff on the basis of his sexual orientation and disability.

34. The Defendants harassed Plaintiff due to his hepatitis C and his need for frequent doctor's visits.

35. Specifically, Defendant Joshua Cuomo harassed Plaintiff on the basis of his sexual orientation and disability when Defendant Joshua Cuomo called Plaintiff a cocksucker and refused to pay his sick time (PTO).

36. Defendant Jeff Cuomo made discriminatory comments about Plaintiff cleaning up his blood due to his hepatitis C.

37. From time to time during his employment, Plaintiff like many butchers, using sharp knives and tools may suffer a cut or laceration on the job.

38. Plaintiff was targeted due to his hepatitis C and cleaning up after himself should he accidently cut himself.

39. When Plaintiff suffered a small cut during a shift he would always safely clean up his blood on any surfaces or tools.

40. Plaintiff was targeted at work due to his disability and sexual orientation and was subjected to undue scrutiny.

41. For example, Plaintiff was assigned extra work duties for no reason and his work product was scrutinized more than other employees.

42. On February 24, 2022, Plaintiff complained to Defendants Jeffery and Joshua Cuomo about the

unlawful deductions for the loan, despite it being paid, and complained that he was unable to use his sick time (PTO) for time off that he took in November 2021.

43.   On February 24, 2022, Plaintiff while speaking with Defendant Jeffrey Cuomo, requested the Defendant Champlain Beef's fax number, to fax over his recent COVID-19 test results.

44.   Plaintiff also brought two doctors' notes and presented them to Defendant Jeff Cuomo in support of his request for sick time PTO in November 2021.

45.   On February 24, 2022, Defendant Jeff Cuomo cursed at Plaintiff, threatened him, told Plaintiff to leave the property, stop speaking, and not to return to work.

46.   Defendants also informed Plaintiff on February 24, 2022, that Plaintiff would be evicted from the rental house.

47.   Defendants terminated Plaintiff's employment on February 25, 2022, after his complaints to Defendants Jeffrey and Joshua Cuomo on February 24, 2022.

48.   On February 24, 2022, Plaintiff understood that he was not permitted to return to work as per the orders of Defendants Jeffrey and Joshua Cuomo.

49.   Defendants terminated Plaintiff's employment with Champlain Beef after Plaintiff submitted two doctors notes, requested the fax number to fax over other doctors notes for his COVID absence, made complaints about unlawful wage deductions, requested to be paid sick time (PTO) and made complaints of being treated differently due to his sexual orientation and disability,

50.   In or around March 2022, Defendant Jeffrey Cuomo commenced eviction proceedings against Plaintiff for purported past due rent.

51. Making matters even worse Defendants violated the NYLL Wage Theft Prevention Act, ("WTPA"), provisions of NYLL Sec. 195-1 and Sec. 195-3, when they failed to provide Plaintiff with the required Wage Notice and compliant Wage Statements.

52. Defendants failed to provide Plaintiff a Wage Notice was due at hire or pay change under NYLL 195-1.

53. Similarly, LGC failed to provide Plaintiff accurate and compliant Wage Statements (pay stubs) for each and every pay period pursuant to NYLL 195-3, to account for all hours worked and commissions.

54.

55. Defendants failed to provide Plaintiff a pay notice pursuant to NYLL at the time of his hire, annually or at the time of a pay change.

56. Defendants failed to provide Plaintiff with accurate pay statements (pay stubs) pursuant to NYLL.

<u>**AS A FIRST CAUSE OF ACTION**</u>
<u>**FOR DISCRIMINATION UNDER**</u>
<u>**ADA as to Defendant Champlain Beef Co., Inc. only**</u>

57. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

58. Plaintiff claims Defendant CHAMPLAIN BEEF CO., INC. violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

59. ADA SEC. 12112. [Section 102] specifically states "(a) General Rule. - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of

employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

60. Defendant CHAMPLAIN BEEF CO., INC. violated the section cited herein by failing to consider Plaintiff's requests for a reasonable accommodation, as well as discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of disabilities.

61. Defendant violated the above and Plaintiff suffered numerous damages as a result.

**AS A SECOND CAUSE OF ACTION**
**FOR RETALIATION UNDER**
**ADA as to Defendant Champlain Beef Co., Inc. only**

62. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

63. ADA SEC. 12203. [Section 503] states, "(a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

64. Defendant CHAMPLAIN BEEF CO., INC. violated the above and Plaintiff suffered numerous damages as a result.

**AS A THIRD CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER TITLE VII**
**as to Defendant Champlain Beef Co., Inc. only**

65. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

66. Title VII states in relevant part as follows: SEC. 2000e-2. [Section 703] (a) Employer practices: It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to h[er]

8

compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; . . .

67. Defendant CHAMPLAIN BEEF CO., INC. engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by allowing race discrimination, color discrimination and causing a hostile work environment.

68. Defendant violated the above and Plaintiff suffered numerous damages as a result.

### AS A FOURTH CAUSE OF ACTION
### FOR RETALIATION UNDER TITLE VII
### as to Defendant Champlain Beef Co., Inc. only

69. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

70. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of h[er] employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

71. Defendant CHAMPLAIN BEEF CO., INC. engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendant.

72. Defendant CHAMPLAIN BEEF CO., INC. violated the above and Plaintiff suffered numerous damages as a result.

### AS A FIFTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### NEW YORK STATE LAW

73.  Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this

complaint.

74.  Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an

employer or licensing agency, because of an individual's age, race, creed, color, national origin,

sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital

status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from

employment such individual or to discriminate against such individual in compensation or in terms,

conditions or privileges of employment."

75.  Defendant engaged in an unlawful discriminatory practice by discriminating against the Plaintiff

because of her race, and disability and prior complaints, and requests for accommodations and

causing a hostile work environment.

76.  Plaintiff hereby makes a claim against Defendant under all of the applicable paragraphs of

Executive Law Section 296.

### AS A SIXTH CAUSE OF ACTION
### FOR RETALIATION UNDER
### NEW YORK STATE LAW

77.  Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this

complaint.

78.  New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory

practice: "For any person engaged in any activity to which this section applies to retaliate or

discriminate against any person because he has opposed any practices forbidden under this article."

79. Defendant engaged in an unlawful discriminatory practice by wrongfully retaliating against Plaintiff causing her constructive discharge.

**AS A SEVENTH CAUSE OF ACTION**
**FOR AIDING AND ABETTING UNDER**
**NEW YORK STATE LAW**
**(AGAINST ALL DEFENDANTS)**

80. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

81. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

82. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.

83. Defendants violated the above section as set forth herein.

84. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

**AS AN EIGHTH CAUSE OF ACTION**
**FOR NEGLIGENT SUPERVISION, HIRING, RETENTION AND TRAINING**
**(Not against any individual Defendants)**

85. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

86. The Defendants are responsible for the training and supervision of all employees, agents, contractors and subcontractors who manage the premises including but not limited to the workplace and employee safety and have a duty to stop/prevent unlawful and/or tortious acts from occurring on the premises.

87.     The actions of the individual Defendants are the responsibility of and are imputed to and binding upon the employer Defendant.

88.     The employer Defendant have a duty to prevent employees/servants/agents, including the individual Defendants from acting or engaging in unlawful and/or tortious conduct.

89.     The employer Defendant's negligence in hiring, supervising, and retaining employees/servants/agents that engaged in tortious and/or otherwise unlawful conduct was the direct and proximate cause of Plaintiff's injuries.

90.     The employer Defendant's owners are liable jointly and severally for damages resulting from the individuals Defendant's negligent actions/omissions.

91.     Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestation of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life.

92.     As a direct and proximate result of the Defendants' actions Plaintiff suffered extreme emotional distress therefrom.

## AS A TENTH CAUSE OF ACTION
## FOR NEGLIGENCE *RESPONDEAT SUPERIOR*
## (Not against any individual Defendants)

93.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

94.     The employer defendant owed Plaintiff a duty from employees/agents acting or engaging in unlawful and/or tortious conduct against Plaintiff.

95.     The individual defendants committed torts against Plaintiff within the scope of their employment.

96.     The harm to Plaintiff from the individual defendants' tortious conduct was foreseeable to the employer defendant.

97.     Plaintiff suffered damages as a result.

**AS A TENTH CAUSE OF ACTION**
**FOR VIOLATIONS OF  NYLL § 193; Tit. 12 NYCRR § 195-2.1 for unlawful wage deductions;**
**(AGAINST ALL DEFENDANTS)**

98.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

99.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff is an employee within the meaning of the NYLL and the NYCRR.

100.    Defendants made unlawful deductions from Plaintiff's paycheck on a regular basis.

101.    NYLL 193 states: "1.   No employer shall make any deduction from the wages of an employee, except deductions which:

a.   are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency;  or

b.   are expressly authorized in writing by the employee and are for the benefit of the employee; provided that such authorization is kept on file on the employer's premises.   Such authorized deductions shall be limited to payments for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization, and similar payments for the benefit of the employee.

2.   No employer shall make any charge against wages, or require an employee to make any payment by separate transaction unless such charge or payment is permitted as a deduction from wages under the provisions of subdivision one of this section.

3.   Nothing in this section shall justify noncompliance with article three-A of the personal property law relating to assignment of earnings, nor with any other law applicable to deductions from wages.

102.    Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's unlawful wage deductions provisions.

103.    Defendants violated the above sections of NYLL.

## AS AN ELEVENTH CAUSE OF ACTION
## FOR VIOLATIONS OF  NYLL § 663 for unpaid wages
## (AGAINST ALL DEFENDANTS)

104.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the

same force and effect as if more fully set forth herein.

105.    NYLL 663 states in pertinent part: " Civil Action, 1.   By employee.   If any employee is paid by his

or her employer less than the wage to which he or she is entitled under the provisions of this article, he or

she shall recover in a civil action the amount of any such underpayments, together with costs all reasonable

attorney's fees, prejudgment interest as required under the civil practice law and rules, and unless the

employer proves a good faith basis to believe that its underpayment of wages was in compliance with the

law, an additional amount as liquidated damages equal to one hundred percent of the total of such

underpayments found to be due.   Any agreement between the employee, and the employer to work for less

than such wage shall be no defense to such action….

3.   Limitation of time.   Notwithstanding any other provision of law, an action to recover upon a liability

imposed by this article must be commenced within six years.   The statute of limitations shall be tolled from

the date an employee files a complaint with the commissioner or the commissioner commences an

investigation, whichever is earlier, until an order to comply issued by the commissioner becomes final, or

where the commissioner does not issue an order, until the date on which the commissioner notifies the

complainant that the investigation has concluded.   Investigation by the commissioner shall not be a

prerequisite to nor a bar against a person bringing a civil action under this article.

   Attorneys' fees.   In any civil action by an employee or by the commissioner, the employee or

commissioner shall have the right to collect attorneys' fees and costs incurred in enforcing any court

judgment.   Any judgment or court order awarding remedies under this section shall provide that if any

amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days

after expiration of the time to appeal and no appeal therefrom is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent."

106. Defendants violated NYLL § 663 and Plaintiff seeks damages for all unpaid compensation with interest and is entitled to liquidated damages for unpaid compensation and attorney's fees as proscribed by statute.

**AS A TWELFTH CAUSE OF ACTION**
**FOR VIOLATION OF NYLL § 215**
**RETALIATION**

107. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

108. As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff is an employee within the meaning of the NYLL.

109. Plaintiff engaged in protected activity by complaining to Defendants about the Defendants' failure to pay Plaintiff in accordance with the NYLL and for unlawful deductions.

110. Thereafter Defendants engaged proceeded to take adverse employment action against Plaintiff.

111. Defendant retaliated against Plaintiff in violation of NYLL § 215.

112. Plaintiff's complaints were sufficiently clear to communicate to Defendant that he was complaining about his failure to receive correct compensation, the unlawful deductions and sick time pay under NYLL.

113. As a result of Defendants have harmed Plaintiff and Plaintiff has suffered extreme emotional distress.

**AS A THIRTEENTH CAUSE OF ACTION**
**FOR VIOLATION OF NYLL § 195-1**
**FAILURE TO PROVIDE WAGE NOTICE**

114.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

115.    NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

116.    As described above, Defendants were employers within the meaning of the NYLL, while Plaintiff was an employee within the meaning of the NYLL.

117.    Defendant failed to furnish Plaintiff with a wage notice at the time of their hire that accurately contained all of the criteria that the NYLL requires.

118.    Pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiff in the amount of $50 for each workday after the violation occurred, up to a statutory cap of $5,000.

119.    Defendants violated the above section as set forth herein.

**AS A FOURTEENTH CAUSE OF ACTION**
**FOR VIOLATION OF NYLL § 195-3**
**FAILURE TO PROVIDE WAGE STATEMENTS**

120.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

121.    NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

122.    As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff is an employee within the meaning of the NYLL.

123.   As also described above, Defendants failed to furnish Plaintiff with wage statements on each payday that accurately contained all of the criteria that the NYLL requires.

124.   Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

**AS A FIFTEETH CAUSE OF ACTION**
**FOR BREACH OF CONTRACT *QUANTUM MERIUT***

125.   Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

126.   Alternatively, to the NYLL claims pled above, there was an oral contract for employment with Defendants and Plaintiff to work and be paid a pleaded above.

127.   Plaintiff worked hard for Defendants according to the agreement.

128.   Defendants breached said agreement by deducting pay for rent and a loan that was paid twice.

129.   Plaintiff is entitled to payment for the merit of his work in equity.

130.   Due to the fact that Defendants failed to pay Plaintiff in accord with their agreement, Plaintiff was deprived his due earnings from this employment arrangement.

131.   Plaintiff suffered damages as a result of Defendants breach.

**AS A SIXTEENTH CAUSE OF ACTION**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(As to individual Defendants Jeffrey and Joshua Cuomo only)**

132.   Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

133.   As described above, Individual Defendants Jeffrey and Joshua Cuomo willfully intended to cause Plaintiff emotional distress.

134.   Individual Defendants Jeffrey and Joshua Cuomo's conduct was extreme and outrageous.

135.   Individual Defendants Jeffrey and Joshua Cuomo in perpetrating the above-described conduct, inflicted emotional distress on Plaintiff and failed to provide Plaintiff a safe workplace.

136.   Individual Defendants Jeffrey and Joshua Cuomo's actions were harmful and offensive to the Plaintiff and would be harmful and offensive to any reasonable person.

137.   Individual Defendants Jeffrey and Joshua Cuomo caused the Plaintiff to suffer emotional distress.

**AS A SEVENTEENTH CAUSE OF ACTION**
**FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(As to individual Defendants Jeffrey and Joshua Cuomo only)**

138.   Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

139.   As described above, the individual Defendants knew or should have known that they intended to cause Plaintiff emotional distress.

140.   Defendants' conduct was extreme and outrageous.

141.   Plaintiff was in the zone of danger from Defendants' actions, and it could be foreseeable that their actions could or would cause emotional distress upon the Plaintiff.

142.   Individual Defendants Jeffrey and Joshua Cuomo in perpetrating the above-described conduct, inflicted emotional distress as a result of terminating Plaintiff accusing of him of malfeasance and forcing him out of the workplace after she complained.

143.   Individual Defendants Jeffrey and Joshua Cuomo acted with malice towards Plaintiff.

144.   Defendants' actions were harmful and offensive to the Plaintiff and would be harmful and offensive to any reasonable person.

145.   Defendants' actions did in fact cause the Plaintiff to suffer severe emotional distress.

## AS AN EIGHTEENTH CAUSE OF ACTION
## FOR *PRIMA FACIE* TORT
## (As to all Defendants)

146.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

147.    Plaintiff has pleaded the elements of *prima facie* tort, that: (1) the defendants caused intentional infliction of harm on Plaintiff , (2) resulting in damage, and (3) without legal excuse or justification – and (4) liability could not be imposed for otherwise lawful conduct unless the conduct was contrary to public policy.

148.    Defendants acted without legal excuse or justification.

149.    Defendants' actions were against public policy.

150.    Plaintiff suffered irreparable harm to his reputation and mental well-being as a result of Defendants clearly intentional tortious conduct.

## DEMAND FOR TRIAL BY JURY

151. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims in this action.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned federal and New York State laws;

b. Awarding Plaintiff all damages;

c. Awarding Plaintiff compensatory damages;

d. Awarding Plaintiff punitive damages;

e. Awarding Plaintiff consequential damages;

f. Awarding Plaintiff statutory damages;

g. Awarding Plaintiff liquidated damages;

h. Awarding Plaintiff costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

i. Pre-judgment and post-judgment interest, as provided by law; and

j. Granting Plaintiff further relief as this Court finds necessary and proper.

Dated: February 15, 2023
New York, New York

Respectfully submitted,

By: *Christopher J. Berlingieri*
CHRISTOPHER J. BERLINGIERI, ESQ. (519324)
BERLINGIERI LAW, PLLC
*Attorney for Plaintiff*
244 Fifth Avenue, Suite F276
New York, New York 10001
Tel.: (347) 766-5105
Fax: (914) 730-1044
Email: cjb@nyctlaw.com

20

# EXHIBIT A

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | **Raymond Bridger**<br>**24 Queen St**<br>**Whitehall, NY 12887** | From: | **Buffalo Local Office**<br>**300 Pearl St, Suite 450**<br>**Buffalo, NY 14202** |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **525-2022-01417** | **Nelida Sanchez,**<br>**Federal Investigator** | **716-431-5017** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.***

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

## Maureen C. Kielt

Digitally signed by Maureen C. Kielt
Date: 2022.11.17 13:59:49 -05'00'

Enclosures(s)

**Maureen Kielt**
**Director**

cc: **Jeff Cuomo, President**
**CHAMPLAIN BEEF CO., INC**
**9679 US-4**
**Whitehall, NY 12887**

**Christopher J. Berlingieri, Esq.**
**BERLINGIERI LAW PLLC**
**224 Fifth Avenue**
**Ste. F276**
**New York, NY  10001**